FERGUSON, Judge.
After leaving an afternoon football game, M.C. and friends came upon a railroad crossing arm device that had been tampered with so that it was stuck in the “down” position blocking traffic. No evidence was presented that M.C. caused the signal to malfunction.
The juvenile lifted the arm for each vehicle crossing the railroad tracks while his companions asked the motorists for a quarter each in compensation for the service. The State charged M.C. with violating section 860.08, Florida Statutes (1991), which provides:
Any person ... who knowingly or willfully interferes with ... any railroad signal system used to control railroad operations ... or other signal used in connection with railroad operations is guilty of a felony of the third degree.
We agree with M.C. that both the plain and ordinary meaning of the word “interfere”, and the principle of lenity favoring defendants in criminal cases, see Carawan v. State, 515 So.2d 161 (Fla.1987); § 775.-021(1), Fla.Stat. (1991), militate against the adjudication of delinquency on the facts of this case. “Interfere” means “[t]o come between so as to be a hindrance or obstacle; impede.” American Heritage Dictionary 669 (2d college ed. 1985). Where, as here, the device was already nonfunction-ing and obstructing the flow of traffic, the juvenile’s conduct in manually assisting the *5 device’s ordinary function was not an interference.
Reversed.